Argued February 5, affirmed April 10, petition for
rehearing denied May 14, 1968

## KRAMER AND SMITH, *Respondents, v.*
## HALEY, PUBLIC UTILITY COM-
## MISSIONER, *Appellant.*
439 P. 2d 573

See also 250 Or 87.

*Thomas Y. Higashi,* Assistant. Attorney General, Salem, argued the cause for appellant. With him on the briefs was Robert Y. Thornton, Attorney General, Salem, and Richard W. Sabin, Assistant Attorney General and Chief Counsel for Public Utility Commissioner, Salem.

*John W. Whitty,* Coos Bay, argued the cause for respondents. With him on the brief were McKeown, Newhouse & Johansen, Coos Bay, and Eugene E. Laird, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is a companion case to *Kramer v. Haley,* 250 Or 87, 439 P2d 571, decided this day, in which we sustained the Public Utility Commissioner's order cancelling the motor carrier permit issued to Alan Kramer.

The case now before us involves the same fact situation as that presented in *Kramer v. Haley, supra,* but the question now raised is the interpretation of the penalty provisions of ORS 767.470.

The Commissioner imposed upon the Kramer and Smith partnership a civil penalty for unlawfully hauling logs under a permit issued to Kramer individually. ORS 767.470 provides in part as follows:

"(1) In addition to all other penalties provided by law, every person who violates or who procures, aids or abets in the violation of this chapter or any order, rule, regulation or decision of the commissioner shall incur a penalty of $100 for every such violation."

"(2) Each such violation shall be a separate offense and in case of a continuing violation every day's continuance is a separate violation. Every act of commission or omission which procures, aids or abets in the violation is a violation under this section and subject to the penalty provided in this section."

Plaintiffs are charged with the violation of ORS 767.105 (1) which reads:

"(1) No person shall operate any motor vehicle, whether loaded or empty, on any highway in this state as a common carrier, contract carrier or private carrier in the transportation of persons or property or both without first applying for and obtaining, in addition to any license required by any other law, a permit from the commissioner covering the proposed operation."

The partnership had hauled 106 loads of logs over a period of 15 days. The Commissioner imposed a penalty of $10,600 on the ground that each of the 106 acts of hauling logs was a separate violation. The trial court held that there was a continuing violation calling only for the imposition of a daily penalty of $100 for 15 days, making a total penalty of $1500. We agree with the trial court's interpretation of the statute.

■ The Commissioner interprets the phrase "operate any motor vehicle" in ORS 767.105 literally to emphasize the *physical* operation of the vehicle itself; plaintiffs contend that the statute should be interpreted as a proscription against the illegal operation of the transportation *business* by motor carriers. We think that the latter interpretation is the more reasonable and we adopt it. Under this interpretation, the separate movements of the partnership's trucks con-

stituted a continuing violation and therefore each day became the unit measuring a separate violation under the provision of ORS 767.470 (2) that "every day's continuance is a separate violation."

In *Kramer v. Haley, supra,* the companion case, the Commissioner apparently viewed the violations as continuing in nature. In that case he found that:

"* * * The violations, * * * were such as would naturally and inevitably arise out of the one principal and predominating violation, namely, that resulting from the illegal operation by the partnership of 'Kramer and Smith' under the permit of Defendant. The fact that the illegal nature of the operation had its inception in March of 1964 and continued until date of hearing obviously was a continuing violation, but it cannot be found that it was a 'repeated' violation. The legislative policy and recitals thereof reflecting the legislative purposes and statutory scope of the legislation, and particularly as to the subsections (b) and (c) of ORS 767.190 (2), cannot be indiscriminately extended to create many violations out of one basic and continuing violation * * *."

The Commissioner has not offered any satisfactory reasons for treating the violations as continuing in *Kramer v. Haley, supra,* and as separate in the present case.

■ Since the statute imposes a penalty, it should be strictly construed in favor of the one against whom the imposition of the penalty is sought.①

The decree of the trial court is affirmed.

---

① Crawford on Statutory Construction, § 240 at p. 460 (1940); Annotation: Recovery of Cumulative Statutory Penalties, 71 ALR 2d 986, 993 (1960).